# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MORENO, individual and on behalf of a class of all others similarly situated,<br><br>    Plaintiff,<br>vs.<br>RADIOSHACK CORPORATION,<br><br>    Defendant. | CASE NO. 11-CV-541-H (BLM)<br><br>**ORDER DENYING MOTION TO STAY** |

On July 17, 2011, Defendant RadioShack Corporation ("Defendant") filed a motion to stay the proceedings in this case. (Doc. No. ) On July 25, 2011, Plaintiff Mario Moreno ("Plaintiff") filed his response in opposition. (Doc. No. 19.) On August 1, 2011, Defendant filed its reply. (Doc. No. 20.) The Court, pursuant to its discretion under the Local Civil Rule 7.1(d)(1), determines this matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the motion hearing set for August 8, 2011. For the following reasons, the Court DENIES Defendant's motion to stay.

///
///
///

**Background**

On February 15, 2011, Plaintiff[1] initiated this class action in the Superior Court of the State of California, alleging that RadioShack violated California's Song-Beverly Credit Card Act of 1971 by requesting customers' personal identification information during credit card transactions. (Doc. No. 1, Ex. 1, Compl.) On March 18, 2011, Defendant removed the action to this Court. (Doc. No. 1, Notice of Removal.) Defendant moves to stay this action pending the resolution of Sosinov v. RadioShack Corp., No. BC-449675 (Los Angeles Super. Ct. filed Nov. 19, 2010). (Doc. No. 16-1 at 5.)

**Discussion**

**I.  Legal Standard for a Motion to Stay**

For reasons of "wise judicial administration," federal courts may stay a federal action based on "the presence of a concurrent state proceeding." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)). Exact parallelism between the claims is not required—for application of the Colorado River doctrine, it is enough if the two proceedings are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416-17 (9th Cir. 1989).

A stay in favor of state proceedings is appropriate only under "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). A court must consider and weigh several factors when determining the propriety of such a stay. These include (1) whether either court has asserted jurisdiction over a res or property; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties. See Moses H. Cone, 460 U.S. at 21-22; Colorado River, 424 U.S. at 817-19; Nakash, 882 F.2d at 1415. "The factors relevant to a given case are subjected to a

---

[1] The original complaint in this case was brought by Mark. L. Knutson. (See Doc. No. 1, Ex. 1, Compl.) On May 26, 2011, Plaintiff filed a First Amended Complaint substituting Mario Moreno as Plaintiff in this action. (Doc. No. 11.)

1 flexible balancing test, in which one factor may be accorded substantially more weight than
2 another depending on the circumstances of the case, and 'with the balance heavily weighted
3 in favor of exercising jurisdiction.'" Holder v. Holder, 305 F.3d 854, 870–71 (9th Cir. 2002)
4 (quoting Moses H. Cone, 460 U.S. at 16). Because federal courts have a "virtually unflagging
5 obligation" to exercise jurisdiction, Colorado River, 424 U.S. at 817, "exceptional
6 circumstances" must exist for a federal court to surrender jurisdiction under Colorado River.
7 Moses H. Cone, 460 U.S. at 15–16.

**II. Analysis**

Defendant moves to stay this action pending the resolution of Sosinov v. RadioShack Corp., No. BC-449675, filed on November 19, 2010 in the Los Angeles Superior Court. (Doc. No. 16-1.) Defendant argues that Moreno and Sosinov actions should not proceed concurrently, because both actions are litigating the same alleged violations of the Song-Beverly Act by the same Defendant and involve the same class members. (Doc. No. 16-1 at 8.) Defendant also argues that staying this case until the Sosinov case is resolved would limit the parties' expenses, conserve the Court's judicial resources, and avoid the possibility that this action would be rendered moot by a preclusive judgment in the Sosinov matter.

In opposition, Plaintiff argues that the stay is not appropriate under the applicable legal standards. (Doc. No. 19 at 3.) Plaintiff argues that because neither court has assumed jurisdiction over property, this factor weighs against abstention. (Id. at 4.) Plaintiff points out that Defendant removed this action to federal court, and thus cannot claim the inconvenience of the federal forum. (Id. at 5.) Plaintiff also notes that the Sosinov action has not progressed materially farther than this case, and that the Los Angeles Superior Court has made no substantive rulings in Sosinov. (Id. at 6.)

The outcome of the Sosinov matter is still unpredictable at this time, given the early stages of development of that case. Furthermore, a stay in this federal case is not warranted where there is no indication of when the state court may resolve the Sosinov case. The Court concludes that exceptional circumstances do not exist warranting the surrender of federal court jurisdiction. See Moses H. Cone, 460 U.S. at 15–16. Accordingly, the Court DENIES

1  RadioShack's motion for a stay.

## CONCLUSION

Exercising its discretion and considering the competing interests, the Court DENIES Defendant RadioShack Corporation's motion to stay.

**IT IS SO ORDERED.**

DATED: August 2, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT